UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Darren Brady

   v.  Case No. 19-cv-00616-SM

Family Dollar, Inc.,
Janine MacMahan, and
Howard Levine

### REPORT AND RECOMMENDATION

Before the court is pro se Plaintiff Darren Brady's complaint filed pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights and his rights under state law.  (Doc. No. 1).  The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).

### Background

Plaintiff alleges that Defendant Janine MacMahan, identified as a Family Dollar, Inc. store manager, called the police on December 27, 2017, while Plaintiff was trying to pay for a cookie.  See Compl. (Doc. No. 1), at 2.  Plaintiff alleges further that MacMahan screamed and yelled racist, anti-Semitic, and homophobic slurs at him in front of other customers.  See id.

Plaintiff asserts that the police came to the store with sirens on and lights flashing and that the incident prejudiced him in front of store customers, his family, his friends, and the entire community. See id. at 4. He also asserts that he lost his job because "[p]eople don't [sic] want to trust other people being qustioned [sic] by the police." Id. According to Plaintiff, the responding officer looked at the store video tape and told MacMahan that Plaintiff had done nothing wrong. See id.

Plaintiff also alleges Defendant Howard Levine, identified as the owner of the Family Dollar, Inc. store, refuses to discipline workers or rectify employees' racist, anti-Semitic and homophobic name-calling. See id. at 3. Plaintiff seeks $150,000 in damages and the court filing fee. See Compl. (Doc. No. 1), at 6.

The attachments to the complaint indicate Plaintiff filed a defamation claim arising from the same incident against the same defendants in state court. The Superior Court dismissed the action. See Brady v. Family Dollar, Inc., No. 18-cv-015 (N.H. Super. Ct., Coos Cnty. June 29, 2018) (Doc. No. 1-2), at 56-57. The New Hampshire Supreme Court affirmed the Superior Court's order dismissing the complaint, before Plaintiff filed this action. See Brady v. Family Dollar, Inc., No. 2018-0443 (N.H. Mar. 29, 2019) (Doc. No. 1-2), at 58.

**Preliminary Review Standard**

The court reviews complaints filed by pro se plaintiffs to determine, among other things, whether the plaintiff has asserted any claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2), LR 4.3(d)(1). In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citations omitted). The court may dismiss an action on preliminary review based on an affirmative defense, if the facts alleged in the complaint, or matters susceptible of judicial notice, conclusively establish the elements of the affirmative defense. See Gray v. Evercore Restructuring LLC, 544 F.3d 320, 324 (1st Cir. 2008).

**Discussion**

I.  Rooker-Feldman Doctrine

The Rooker-Feldman doctrine holds that, as a rule, federal district courts should not sit in direct review of state court

3

decisions. See D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). The doctrine divests this court of jurisdiction over "'cases brought by state-court losers'" complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and "'inviting district court review and rejection of [the state court's] judgments.'" Skinner v. Switzer, 562 U.S. 521, 531, 532 (2011) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The Federal District Courts lack subject-matter jurisdiction over such cases, as "28 U.S.C. § 1257 'vests authority to review a state court's judgment solely in th[e] {Supreme} Court.'" Skinner, 562 U.S. at 531-532 (quoting Exxon, 544 U.S. at 292).

Plaintiff's state lawsuit against these defendants was dismissed for failure to state a claim upon which relief may be had. See Brady, No. 18-cv-015, aff'd Brady, No. 2018-0443 (Doc. No. 1-2), at 57, 58. That dismissal constitutes a final judgment. See, e.g., Griffin v. Town of Whitefield, No. CIV. 07-CV-243-JL, 2008 WL 3166473, at *3 (D.N.H. Aug. 5, 2008), aff'd sub nom. Griffin v. Whitefield, 341 F. App'x 655 (1st Cir. 2009) ("It is well settled that . . . dismissals for failure to state a claim, . . . constitute final judgments on the merits." (citing AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005))). To the extent Plaintiff is asking this court to review

4

and reject the state courts' judgment, the Rooker-Feldman doctrine applies, and Plaintiff's complaint should be dismissed

## II. Res Judicata

Res judicata provides an independent basis for dismissing this action. "Under federal law, a state court judgment receives the same preclusive effect as it would receive under the law of the state in which it was rendered." See Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011) (citation omitted). Under New Hampshire law, "[r]es judicata precludes the litigation in a later case of matters actually decided, and matters *that could have been litigated*, in an earlier action between the same parties for the same cause of action." Brooks v. Trs. of Dartmouth Coll., 20 A.3d 890, 894 (N.H. 2011) (citation omitted) (emphasis added). For the doctrine to apply, "three elements must be met: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action." Id.

Plaintiff names the same defendants in the instant complaint as he did in his state lawsuit. Thus, the first element of res judicata is met. See id.

The only cause of action the Superior Court identified as

5

having been raised in the state complaint was for defamation, a tort that is actionable under state law.  See Brady, No. 18-cv-015 (Doc. No. 1-2), at 57.  In his federal complaint, Plaintiff alleges defamation as well as violations of the Federal Constitution and various state laws.  New Hampshire, however, defines a "cause of action" as "all theories on which relief could be claimed on the basis of the factual transaction in question."  Brooks, 20 A.3d at 898 (citation and internal quote omitted).  Here, the same factual transaction—the cookie incident-forms the basis of all Plaintiff's claims in state and federal court.  As such, the second res judicata element is met.  See id. at 894

Finally, the Superior Court dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted, see Brady, No. 18-cv-015 (Doc. No. 1-2), at 57 (citing Indep. Mech. Contractors, Inc. v. [Gordon T.] Burke & Sons, Inc., 138 N.H. 110, 118 (1993)), and the New Hampshire Supreme Court affirmed that order before Plaintiff filed this action in federal court, see Brady, No. 2018-0443 (Doc. No. 1-2), at 58.  As stated previously, a dismissal for failure to state a claim constitutes a final judgment on the merits.  See Griffin, No. CIV. 07-CV-243-JL, 2008 WL 3166473, at *3; Moore v. Lebanon, 69 A.2d 516, 518 (N.H. 1949) ("A judgment is upon the merits when it contains an order that there shall be no further action for

6

the same cause."). Accordingly, the third res judicata element is met. Brooks, 20 A.3d at 894.

The instant complaint asserts a right to relief under federal and state laws arising from the same allegations that gave rise to the defamation claim in Plaintiff's state action. Consequently, the claims asserted here are precluded by res judicata, see id., and the district judge should dismiss the complaint.

III. Failure to State a Federal Claim

A. Section 1983

Plaintiff contends the defendants have violated his Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights under the United States Constitution. The Civil Rights Act, 42 U.S.C. § 1983, "provides a cause of action for state deprivations of federal rights," Nieves v. Bartlett, No. 17-1174, 2019 U.S. LEXIS 3556, at *10, 2019 WL 2257157, at *4 (U.S. May 28, 2019). Plaintiff does not allege facts demonstrating, or from which it could be reasonably inferred, that the defendants named in this civil action are state actors subject to suit under § 1983. Accordingly, Plaintiff has failed to state a claim for which relief may be granted under § 1983, and the district judge

7

should dismiss the § 1983 claims asserted against the defendants.

### B. Employment Discrimination

In his complaint, Plaintiff lists websites that appear to be related to employment law. See Compl. (Doc. No. 1), at 5. The facts alleged in the complaint are that Plaintiff was a customer of the Family Dollar Store on December 27, 2017, when the cookie incident occurred. The complaint does not allege any facts from which it can reasonably be inferred that Plaintiff was an employee of the Family Dollar Store before, during or after that incident.

As such, the complaint fails to state a claim for relief for employment discrimination. Consequently, the district judge should dismiss Plaintiff's claim of employment discrimination, to the extent Plaintiff is attempting to raise such a claim.

### C. The Anti-Terrorism and Effective Death Penalty Act of 1996

For reasons he does not explain, Plaintiff cites the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") in his complaint. See Compl. (Doc. No. 1), at 2, 3. The AEDPA applies to applications for a writ of habeas corpus by those in custody pursuant to a federal or state court judgment, see 28

U.S.C. §§ 2241, 2254, and 2255, and by those in pre-trial detention, see § 2241.

It cannot be reasonably inferred from the facts alleged, that Plaintiff was in custody because of the cookie incident when he filed this complaint.  He, therefore, has no cause of action under the AEDPA, and the district judge should dismiss any claim for relief Plaintiff may be attempting to raise under that Act.

IV.  State Law Claims

Plaintiff alleges in conclusory fashion that the defendants violated New Hampshire's Bullying Law, cited in the complaint as "RSA 193-F: {b} Section 193-F:4," the "Law Against Discrimination, cited in the complaint as "NH RSA 354-A - TITLE XXXI -TRADE AND COMMERCE," and "Chapter 358-A Regulation of Business Practices for Consumer Protection" and "Section 358-A:1 State Commission for Human Rights."  Compl. (Doc. No. 1) at 2,3.  He also alleges defamation of character against Defendant MacMahan.  Id. at 4.

A federal court exercising original jurisdiction over federal claims also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

9

Constitution." 28 U.S.C. § 1367(a). Plaintiff's federal claims should be dismissed on res judicata grounds, for lack of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted. No other basis for the court's original jurisdiction over the state law claims appears to exist. To the extent Plaintiff's state law claims are not barred by res judicata or the Rooker-Feldman doctrine, then, this court should decline to exercise its supplemental jurisdiction over the state law claims and should dismiss them, pursuant to 28 U.S.C. § 1367(c)(3).

## Conclusion

For the foregoing reasons, the district judge should dismiss Plaintiff's complaint. See 28 U.S.C. § 1915(e)(2). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

10

June 19, 2019

cc: Darren Brady, pro se